Dennis CHARETTE, Plaintiff–Appellant,

v.

TOWN OF OYSTER BAY, Louis J. Yevoli, individually, and as Town Supervisor; Alan Landman, individually, and as Building Superintendent, Department of Planning and Development; Patricia L. McGuire, individually, and as Commissioner of Department of Planning and Development; and Anthony Costanza, individually and as Zoning Inspector of the Department of Planning and Development, Defendants–Appellees.

No. 00–7739.

United States Court of Appeals, Second Circuit.

Jan. 18, 2001.

Herald Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, N.Y., NY, for appellant.

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY, for appellees.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Plaintiff Dennis Charette appeals from an order of the United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge*, denying his motion for a preliminary injunction prohibiting defendants Town of Oyster Bay (the "Town") *et al.* from enforcing a zoning requirement allegedly in violation of his rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The order was entered following proceedings on remand from this Court's decision in *Charette v. Town of Oyster Bay*, 159 F.3d 749 (2d Cir.1998) ("*Charette I*"), in which we vacated the initial denial of Charette's motion for a preliminary injunction, noting that there were several disputed issues on which the record required development. On remand, the district court, following an evidentiary hearing opposed by Charette, denied the motion chiefly on the ground that Charette had failed to show a likelihood of success on the merits.

On appeal, Charette argues principally that the district court erred by (a) improperly allocating to him the burden of proof on his motion; (b) failing to give deference to a New York State decision, which he characterizes as a holding that the Raven's Nest was permissibly situated in an "F" Zone; (c) failing to rule that the Town is judicially estopped from arguing to the contrary; and (d) failing to find that, in fact, the Town offered no permissible permitting procedure in any Zone. Charette contends that he is entitled to a preliminary injunction and a declaration that the Town's zoning ordinance violates his rights under the First Amendment by conferring on Town officials "unbridled discretion" to determine whether or not to grant special-use permits. Finding no abuse of discretion in the district court's ruling, *see, e.g., Coca-Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 315 (2d Cir.1982) (denial of a preliminary injunction reviewable for abuse of discretion), we affirm.

The standards governing the showing that must be made by the moving party in order to warrant issuance of a preliminary injunction, as well as the substantive constitutional principles governing this dispute, are set out in *Charette I*. Charette had the burden of showing, *inter alia*, a

likelihood that he would succeed on the merits of his First Amendment claim.

 The district court denied the preliminary injunction motion on remand because it was not persuaded that Charette had shown a likelihood of success on the merits. We cannot conclude that this ruling was an abuse of discretion. The Town argues that any defect in the zoning law's criteria for the issuance of special-use permits is immaterial in this case for two reasons. First, it contends that the Raven's Nest, a topless bar, is located in an F Zone, from which an establishment offering live entertainment is absolutely prohibited, and no permit for such an establishment can be issued in that Zone. Though Charette contends that a state court decided to the contrary and that the Town should be judicially estopped from taking this position, we are unpersuaded. A party relying on the principle of judicial estoppel must establish that "(1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner." *AXA Marine & Aviation Ins. (U.K.) Ltd. v. Seajet Industries, Inc.,* 84 F.3d 622, 628 (2d Cir.1996). The record shows that the state-court case established that the Raven's Nest was being operated in the F Zone unlawfully; but it does not compel the inference that the question of whether any permit could be issued for a live-entertainment operation in an F Zone was either litigated or decided in that action.

Second, the Town argues that since Charette could not operate the Raven's Nest in an F Zone but could operate it in a G, G1, or H Zone, the zoning code merely imposes time, place, and manner restrictions that are permissible under the First Amendment; and the Town has represented to the court that it will not enforce the special-use permit requirements in G, G1, or H Zones. Charette's contention that the Town may not permissibly decline to enforce those provisions is at odds with his assertion in this litigation that the special-use-permit criteria are unconstitutionally vague. Charette has advanced no persuasive reason why the district court could not properly take into account, in considering the need for a preliminary injunction, the Town's representation that the permit provisions challenged by Charette will not be enforced.

We have considered all of Charette's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.